UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHERRY KOUNTZ                                         CIVIL ACTION

VERSUS

                                                      NO. 16-583-BAJ-RLB

THE MARTIN-BROWNER CO., LLC

**O R D E R**

The court *sua sponte* notes the potential insufficiency of the defendant's allegation of the citizenship of the parties as follows:

1. \_\_\_\_  A party invoking diversity jurisdiction must allege the *citizenship* of an individual. An individual's citizenship is determined by his or her domicile, rather than residence. *See Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 799 (5th Cir. 2007). In addition, *see* 28 U.S.C. §1332(c)(2), for infants, the deceased and the incompetent. The *citizenship* of _____ is not provided.

2. **X**  A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party. *See, e.g., Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983). The principal place of business of **Zema Systems Corporations, Premium Distributors of Virginia, Incorporated, Harbor Distributing Co., Reyes Holdings, Inc. and PD of Washington DC, Inc.** is not provided.[1]

3. \_\_\_\_  A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party. *See, e.g., Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983). Even when a liability insurer takes on its insured's citizenship under 28 U.S.C. § 1332(c)(1), its own citizenship still is considered in determining whether complete diversity exists. The state of incorporation and principal place of business of _____ is not provided.[2]

---

[1]The phrase "principal place of business" in §1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which will typically be found at its corporate headquarters. *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010)

[2]See footnote 1.

4.   __X__   A party invoking diversity jurisdiction must properly allege the citizenship of a limited liability company. The citizenship of a limited liability company for diversity purposes is determined by the citizenship of **its members**. The citizenship of **all of the members** of a limited liability company must be properly alleged. In the event a member of a limited liability company is another limited liability company, the members of that limited liability company must be properly alleged as well. *See Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008)*. The **members are not identified and the** complete citizenship of **Reyes Fleet Management, II, LLC, Reinhart Management, LLC, Lee Management, LLC, Maryland Management, LLC, Southern Virginia Management, LLC, Florida Distributing Management, LLC, Windy City Distributing Management, LLC, Gold Coast Beverage Management, LLC, and Great Lakes Coca-Cola Distribution Management, LLC** is not provided.

5.   ____   A party invoking diversity jurisdiction must properly allege the citizenship of a general partnership, a limited liability partnership, and a limited partnership. A general partnership, a limited liability partnership, and a limited partnership has the citizenship of each one of its partners. Both the general partner and limited partner must be alleged to establish citizenship of a limited partnership. See *International Paper Co. v. Denkmann Assoc., 116 F.3d 134, 137 (5th Cir. 1997); Carden v. Arkoma Associates, 494 U.S. 185 (1990).* The citizenship of _____ is not provided.

6.   ____   A party invoking diversity jurisdiction must properly allege the citizenship of Underwriters at Lloyd's, London. The citizenship of Underwriters at Lloyd's, London has not been provided. *See Corfield v. Dallas Glen Hills LP, 355 F.3d 853 (5th Cir. 2003)*.

7.   ____   A party invoking diversity jurisdiction must properly allege the citizenship of a sole proprietorship. A business entity cannot be both a corporation and sole proprietorship; therefore the court seeks to clarify the identity of plaintiff/defendant. Case law suggests that the citizenship of a sole proprietorship for diversity purposes is determined by the citizenship of its members and/or owners. *See Linder Enterprises v. Martinringle, No. 07-1733, 2007 WL 3095382 (N.D. Tex., Oct. 22, 2007).* The citizenship of _____ is not provided.

Accordingly,

**IT IS ORDERED**, pursuant to 28 U.S.C. §1653, that, on or before **September 30, 2016**, the defendant shall file an amended notice of removal providing the citizenship of **Zema Systems Corporations, Premium Distributors of Virginia, Incorporated, Harbor Distributing Co., Reyes Holdings, Inc., PD of Washington DC, Inc.**, **Reyes Fleet**

**Management, II, LLC, Reinhart Management, LLC, Lee Management, LLC, Maryland Management, LLC, Southern Virginia Management, LLC, Florida Distributing Management, LLC, Windy City Distributing Management, LLC, Gold Coast Beverage Management, LLC, and Great Lakes Coca-Cola Distribution Management, LLC** by setting forth all citizenship particulars required to sustain federal diversity jurisdiction.

Signed in Baton Rouge, Louisiana, on September 16, 2016.

	**RICHARD L. BOURGEOIS, JR.**
	**UNITED STATES MAGISTRATE JUDGE**