## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**SHERRY KOUNTZ**                                     **CIVIL ACTION**

**VERSUS**

                                                                                   **NO. 16-583-BAJ-RLB**

**THE MARTIN-BROWER CO., LLC**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 4, 2016.

                                                         _____

                                                         **RICHARD L. BOURGEOIS, JR.**
                                                         **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHERRY KOUNTZ                                              CIVIL ACTION

VERSUS

THE MARTIN-BROWER CO., LLC                                 NO. 16-583-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is The Martin-Browner Co., LLC's ("Defendant") Unopposed Motion to Withdraw Notice of Removal and Be Remanded to State Court and Withdraw Motion to Transfer and Incorporated Memorandum in Support of Same. (R. Doc. 7).

On September 1, 2016, Defendant removed this action from the 18th Judicial District Court, West Baton Rouge Parish, Louisiana, asserting that this Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. (R. Doc. 1).

On September 6, 2016, Defendant filed a motion to transfer the case to the U.S. District Court for the Southern District of Alabama. (R. Doc. 4).

On September 16, 2016, the Magistrate Judge issued a *sua sponte* order pursuant to 28 U.S.C. § 1653, requiring Defendant to file on or before September 30, 2016, an amended notice of removal providing the citizenship of its members identified in the Notice of Removal. (R. Doc. 6).

On September 28, 2016, Defendant filed the instant unopposed motion. Defendant asserts that the members of the nine limited liability companies identified in the Notice of Removal are individuals, and in an effort to maintain their privacy, Defendant "respectfully

1

requests that it be released from the obligation to identify them and that the matter be remanded back to state court." (R. Doc. 7 at 3).

Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000. . . and is between citizens of different States." Diversity jurisdiction exists only when there is "complete diversity" between the parties. *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.* (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). "The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction; and if the diversity jurisdiction is properly challenged, that party also bears the burden of proof." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (internal citations omitted).

Defendant has not met its burden of establishing that there is "complete diversity" in this action. Based on Defendant's representations, it does not intend to meet that burden. Accordingly, remand of this action is proper for lack of subject matter jurisdiction.

**IT IS RECOMMENDED** that Defendant's Motion (R. Doc. 7) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Transfer (R. Doc. 4) be **DENIED as withdrawn.**

**IT IS FURTHER RECOMMENDED** that this action be **REMANDED** to the 18th Judicial District Court, West Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on October 4, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**